Grundy, Ch. J.
now delivered the following opinion of the court : — This cause stapds upon a re-hearing from a decree formerly pronounced in this court, in favor of Caldwell, by which the decree of the general court was affirmed.
Two points have been made and relied On by the counsel for the plaintiff. First, that a court of equity, in a case like the present, after a trial at law, ought not to interpose. Second, that injustice had not been done in the common law trial.
Upon the first point, the court have carefully examined all die authorities within the power of the court, and have not been able to find any case circumstanced like *136 ⅛⅜'present, in which a court of chancery have enter-taínéd jurisdiction.
3 ⅜ca-ab-531! ^ 65
' The general rule is, that where there is a éefertcé <ñ Ixnv, equity will not grant relief. If then, an applicant a «hurt of chancery, presents to the court a case in which, by :tbe rules of law, a full legal defence might have been made, it is incumbent on him to shew, that owing to particular circumstances, (not arising from his own neglect or inattention,) he has been deprived of the benefit of hiS defence at law. In this ease, no fraud in the management of the suit at law, is charged or proved, and the court are bound to presume there was a full and fair;trial at law, the contrary not being shewn. Thd surprize complained of cannot be regarded; it did hot arise from any deceptions conduct of Cunningham, but Was occasioned (if it existed) by the negligence of Caldwell himself.
The facts submitted by the case to the consideration of the court of chancery, were properly triable by the jury who were empattuelled in the common law suit 5 and it is not shewn that those facts were not there fairly and fully tried ; and even had this been shewn, the' complainant was bound to have had them there tried, unless a sufficient cause w as shewn for its not having been done.*
Were this a case in which a court of chancery might properly entertain jurisdiction, this court cannot perceive that injustice has been done to the complainant; although the testimony is in some degree contradictory as to the loan of the civil list warrant, which was the subject of dispute ; yet the testimony proving that Cunningham, and not Letcher, lent the warrant to Caldwell, strongly preponderates ; as does also the testimony proving that Caldwell had credited it to the separate account of Letcher. And it may also be remarked, that there is no proof of the amount or justness of the claim of Caldwell against Cunningharn or against Cunningham and Letcher ; nor is there any such account filed.
Decree of inferior court, and former decree of this court, reversed.

 The fame-point was'decided in the cafe of Rice vs, the juftkes of JeJfa* tnitef and in Winn vs. Guthrie, Spring term 1808 — See alfo, Cowan vs. Price fall term 1808.